Good morning, Your Honors. May it please the Court, I'm Gilbert Levy. I represent the petitioner Theodore Washington. I would like to take 15 minutes for my initial argument. Mr. Lowe for amicus will take 10, and then we'd like to reserve 5 minutes for rebuttal. I think it's beyond question in this circuit that the Court has jurisdiction under Civil Rule 60b-6 to grant relief in the case of an untimely appeal, assuming the presence of extraordinary circumstances. We believe that extraordinary circumstances are present in this case. We feel that the problem with the District Court's decision is that the District Court, well, the extraordinary circumstances doctrine gives the District Court the power, the discretion, to exercise its equitable jurisdiction to grant relief in an appropriate case. We believe that the problem with the District Court's decision is that it had discretion and didn't exercise it. It simply believed, categorically, that it had no power to grant relief in the case of an untimely appeal. We feel that the problem with the panel was that the panel felt that its discretion was limited to determining whether or not there was an attorney abandonment, and once it found, there was no abandonment on the remand. That was dispositive. Now, if we were to rule under 60b-6 in the way that you're proposing, would we have to overrule our decision in Stein? No. Stein was a, I think as this Court recognized in Mackey v. Hoffman, Stein was a lack-of-notice case, as was the Supreme Court's decision in Bull v. Russell, and Stein was distinguished by the panel in Mackey v. Hoffman on the grounds that it was simply a lack-of-notice case. This is not a lack-of-notice case. The extraordinary circumstances that are present in this case have nothing to do with lack-of-notice by the District Court. Counsel, in this case, like in the Supreme Court's case in Pioneer, it indicated that the party had to be faultless, in quotes. Is it your position that the petitioner in this case was faultless in the sense of the Pioneer case? I think the issue is whether or not the fault of counsel is attributable to the client and whether or not the agency theory applies in this case. We maintain that counsel is not the agent of the client because there's a statutory right to counsel. I would invite the Court's attention to the analysis in Coleman v. Thompson, which is cited in the footnote on page 14 of the petition, where there's a constitutional right to counsel. The fault of the attorney is not attributable to the client. We maintain the same thing holds, where there's a statutory right of which there is in federal habeas capital cases, and the cases that seem to recognize that are some equitable tolling cases, Spitzin v. Moore, and several others, which are also cited in the footnote of page 15 of our petition, where we're hearing on both. On your extraordinary circumstances argument for purposes of 6db6, are you claiming other extraordinary circumstances in this case besides the fact that this is a capital case and that the co-defendants has already received relief on what appear to be the same arguments you're making on the merits? Yes, within addition. I'm not sure, is there anything other than that that you're claiming as extraordinary circumstances? We're claiming statutory right to counsel, which makes the case different, as has been recognized in some of the equitable tolling cases. We're claiming gross negligence. This court in community dental services said that gross negligence was an extraordinary circumstance for purposes of 6db6. Community dental services tries to distinguish between gross negligence and cordonary negligence in making the call, and it indicates that ineffective assistance of counsel would be the type of gross negligence that would award relief under 6db6. We think clearly here, what we have, assuming a right to counsel, is ineffective assistance of counsel. You're already a lawyer that misses an appeal deadline in a capital case, particularly when it's so easy to file a time of notice of an appeal that is grossly negligent. Did the district court find that it was just negligent? Did the district court find that it was grossly negligent or just negligent? Well, the district court found it was simple negligence, but I mean it's the conduct is the same, it's just a label, and it seems to me that in this situation where a person's life is on the line, anybody that misses a deadline, which is so simple to comply with, is grossly negligent. Counsel, what do you do with the district court's finding that the petitioner himself did not demonstrate diligence in discovering the untimely filing? What do you do with that finding? Well, I guess the first thing is whether or not the petitioner was the, I mean whether or not the conduct of the lawyer is attributable to the theater of the petitioner and his counsel in the finding. Well, I think that with all due respect, I think their district court's analysis is incorrect, but I believe that. Why would that analysis be incorrect? Because when there's a statute, when there's a right to counsel, we maintain the negligence of the attorney is not attributable to the client. What about the lack of diligence on the part of the petitioner himself? What case says that the district court cannot hold the petitioner responsible for his own lack of diligence? Well, the analogy, the only thing, by way of analogy, I cite to the equitable coaling cases, which are cited in my briefs. I cite to Goldman v. Thompson, where it talks about a right to counsel, but getting back to the court's question, I'm not trying to obey the question. Mr. Washington is in jail. He doesn't know what his attorney is doing. He's relying on his attorney to meet the deadlines. Well, counsel, even if his attorney were babysitting the docket, I fail to understand what was missed. The notice of appeal was docket number 120 in the district court. The motion for the COA was docket 121, and there's nothing, I don't think, until docket 122, two and a half months later, which is the ruling on the COA. So what is it that was missed? What would have put them on notice of their error? Listen, there was no notice. The problem was that there was no notice. Mr. Bench, the habeas counsel, didn't receive notice of the deficiency until after 60 days passed. He was assuming that the appeal was timely. And that notice came from the order to show cause, right? Yeah, it came from the order. He was assuming that the notice was timely because the district court had issued the COA. Which strikes me as different from some other cases. And I'm truly inviting you to correct me if I'm wrong, if I'm missing something. But it's not like other lack of diligence cases. I would arrange to say, quite frankly, that the defense counsel erred here. They made a filing error. They were a day late. But that's different as far as the district court's finding goes. He's really, I think, making the observation that defense counsel didn't catch its own error. Not that there's something in the docket that should have put them on notice that there was a lack of diligence for not monitoring the docket. I'm just putting my notice. I believe that Mr. Glow is correct. Could you hold the microphone, please? I'm sorry. It's one of the possible extraordinary circumstances. The fact that the district court clerk doesn't forward the notice of appeal to the court of appeals until the COA is denied by the district court, which takes place about two and a half months after judgment is entered. According to our ordinary practice, as soon as we get a notice of appeal and we notice that it's late, we send out notification to the appealing party. And if the notice of appeal had been promptly sent after entry of judgment, in our ordinary practice, they would have picked it up. And that would have notified counsel long before the 30 days of Rule 4 had expired. That strikes me as we have compounded the errors. And is that part of the extraordinary circumstance? It is, Your Honor. I think that Mr. Glow is prepared to speak to that. Okay. Well, I wanted to make sure, because in your answer to Judge Callahan, you listed as extraordinary circumstances, and it sounded as though you were saying those are the only extraordinary circumstances. I have more. Okay. Are you essentially requesting equitable relief from the court? Are you essentially requesting equitable relief from the court by asking for us to find extraordinary circumstances? Absolutely. So, that being said, if that's, if we put it in that posture, does it matter how much process your client has had? Because it's not as if your client has not been to the Ninth Circuit previously on habeas cases, on habeas, because this was preempted, right? So, didn't he have two previous habeas petitions that this court has heard? This court has not heard. The Court of Appeals has never heard Mr. Washington's habeas petition, so he has had a measure of process, but he's certainly not had a full measure. Well, we haven't heard this one. We haven't heard this case on the merits. But have we heard previous habeas cases of his? No. I mean, Mr. Washington's case has never been heard on the merits, and we maintain that Mr. Washington's case, for all circumstances, is indistinguishable from the case of Mr. Robinson, the ringleader of the group, who's already received relief from this court. Additionally, I think others... Now, Ken, if you, but you couldn't argue, if you, if you were allowed to come on the merits, you can't, you can't argue that the other case, that another panel would have to see it the same? No, of course not. Okay. I just want to make sure I'm understanding. I believe that on the facts, Mr. Washington's case is indistinguishable. Additional circumstances, additional or extraordinary circumstances, is that at the time, and I understand that the situation has been fixed, but at the time, it wasn't clear when you had to file a motion for a certificate of appealability. Mr. Bates, the habeas lawyer in the district court, assumed that both had to be filed within the additional 30-day period. His motion for a certificate of appealability, as you'll see in the record, was quite comprehensive, and so he was laboring to get everything in on time. In fact, as I understand it, that situation has been fixed by amendments to the rule. It's now clear that the district court issues a certificate of appealability when it issues a judgment, and that lack of certainty, while maybe not dispositive, certainly contributed in this case to the delay to the last minute. Lack of prejudice, complete lack of prejudice in this case. Mr. Bates, trial counsel, missed the deadline by a day. Virtually no prejudice whatsoever to the state, and lastly, as I've indicated, no, as I've indicated, my client's case, we believe, does have substantial merit, and I think that's something that the court can legitimately consider in this case. The fact that, but for the missed deadline, my client, Mr. Washington, might well be entitled to relief. Unless the court has questions at this point, I'm going to defer to Mr. Loeb and reserve the rest of my time. Thank you, counsel. Chief Judge Thomas, and may it please the court, Nathaniel Loeb for Amicus National Association of Criminal Defense Lawyers. I'd like to begin with the timing of Washington's notice of appeal, and then move to 16b. Washington's notice of appeal was timely, because the June 8, 2005 order did not become an appealable final judgment until the district court ruled on the certificate of appealability, and this court should apply the basic principle governing when a judgment becomes appealable, when the district court disassociates itself from the case, leaving nothing to be done in the court of first instance safe execution of the judgment. When the court entered judgment on Washington's petition, there was something substantive left to do in the district court, and that's resolution of certificate of appealability. That means there was no appealable judgment until the September 30, 2005 order. Mr. Loeb, do you have a case of civil violence? No, Your Honor. I don't have, although this court has an independent duty at the outset to assess its appellate jurisdiction, and cited in the briefs in the Fifth Circuit, in the Callahan case, the Fifth Circuit has held that there is no appellate jurisdiction without a certificate of appealability. So your rule, then, would apply to all cases, not just capital cases? In a case where 2254 or 2255 applies, the certificate of appealability is required. There is no appealable judgment until all of the work that is necessary to be done in the district court. It means, finally, don't do that. So you're not cavoting your rule on capital cases? If we're assessing whether or not this notice of appeal is timely, it's a bully question. So you would say yes or no, that you're not cavoting this on capital cases, because the exceptional circumstances, the capital case component is significant, but you would apply this to all cases where they need a COA? Yes. If instead, when we move to 6db, if we're considering the problem with the timing as part of the extraordinary circumstances, then that includes, in this case, instead of circumstances where it is a capital case, and maybe only in that particular combination would relief under 6db be appropriate? Counsel, I think it's graph 22-1 says that the circuit doesn't rule on a COA until the district court has, is that right? That's correct. Does that include the time? All right, because I'm not entirely certain. I know that rule was enacted in 2004, which was before the initial appeal, and there was an amendment in 2009, and I'm not certain what the amendment to 22-1a was and whether that was due, but it's been a consistent vision from the advisory committee notes. In 1967, when rule 22 was enacted, those notes say that this rule requires the district court to either grant a certificate ability of appealability or state reasons why it should not issue. This, for its practice, has been the same. The 2009 amendment to the rules that added rule 11a to the habeas rules, same thing. It is a continuing view that it's the obligation of the district court to address the certificate of appealability, and the role of the circuit justice or circuit judge is in the event that the district court denies. Counsel, does that mean that we've been doing it wrong all these years? I think this court's practice reflects a variety of different situations. There are cases in which there's no certificate of appealability and this court directs a limited remand to the district court in order to address the certificate of appealability. There are cases where... Does that mean that the notice of appeal was premature? Yes, I think the correct answer... But we've been hearing cases in which we shouldn't have been hearing them because the notice was filed too early. Well, this court always has... In the first instance, this court has an obligation to assess its appellate jurisdiction, and when it's asking whether or not there is a certificate of appealability, that is the inquiry. I think as a technical matter, the right answer is a dismissal for lack of subject matter or for formality unless there is a hidden and undiscovered timing problem, which there was in this case. If there is no timing problem, whether it's a limited remand or whether it's a dismissal for lack of appellate jurisdiction really doesn't matter. The district court will address the certificate of appealability, and then the case will go forward on appeal. And to answer Judge Bimey's question, have we been hearing cases where the district court has not made a ruling on the certificate of appealability, when we should not have been doing so because the district judge's decision was not final? I think the answer to that question is no, because the inquiry has been if there was no investigation of a certificate of appealability by the district court, no ruling at all, not a denial of the ruling, there have been several different approaches, which include this limited remand. And I think as a technical matter, perhaps the appropriate answer is that there should be a dismissal for lack of appellate jurisdiction. But the court certainly hasn't been acting with no certificate of appealability ruling. There are cases where it's been denied. But FRAP Rule 4 refers to the entry of judgment or the order. So you have 30 days to file after the entry of judgment. So what is it that we should have been looking for all this time? The issue of the CLA, is that the entry of judgment? The question is there can be an entry of judgment, but that doesn't mean that judgment is an appealable judgment. And this court in Dannenberg, but the rule says you have to file within 30 days after the entry of judgment. And if the district court has entered judgment, you're telling us that it's really not a judgment until we get something else that's not labeled judgment? I think what you need is you need an appealable judgment. And if there are events subsequent to the entry of something that purports to be a judgment that need to take place before that judgment becomes appealable, the time to appeal does not run until that judgment is appealable. And you've had in this case, September 30th, issuance of the certificate of appeal. How does your argument fit in with a case where the district judge denies any COA? COA is then sought from us, and we grant the COA. Are you saying it's not appealable until we've granted the COA? And I know some appeal has to be filed after we grant the COA. I believe what this court is doing in that case is hearing a motion for a certificate of appealability, and often in the same action, granting that motion and then proceeding to review the merits of the appeal on the issues. I understand that, but I'm asking about what is the notice of appeal supposed to be filed after we've granted the COA in the event that the district judge does not grant a COA? I believe the notice of appeal should be filed, and in fact, the motion for a certificate of appealability should be filed within 30 days of the denial of the certificate of appealability of the district. But that seems somewhat inconsistent with your argument because you're saying we don't have an appealable judgment until there's a COA, and if the district judge has denied the COA, we don't, at that point, have an appealable judgment. There is an appealable judgment. The appealable judgment is the denial of the COA. That is the only issue and a threshold issue that the petitioner will need to get this court to overturn before it can actually appeal. So if it's a petition, I get it from you. Well, as far as I can tell, no circuit except perhaps the Fifth has adopted that rule. Most circuits, as far as I can tell, require a notice of appeal to be taken within 30 days of the judgment, and also that the district court rule on a certificate of appealability. I think the question is how you can reconcile that with the final judgment rule and why there would be a final judgment rule exception in previous cases, which your co-counsel said that you were going to talk about the possible extraordinary circumstance of the failure of the district court promptly to forward the notice of appeal to us. Are you going to talk about that? Yes, I'll move to that right now. So if this court were to disagree and find that the notice of appeal is untimely, then the district clerk's failure to promptly forward the notice of appeal under Rule 3D becomes critical. At the time there was another rule in place, and your brief talks about Rule 3D and takes issue with what you think was not a prompt forwarding of the notice of appeal. Yes. But I'm not so sure that the clerk wasn't trying to comply with Rule 22B1, which has since been amended, but at that time it seemed to Director DeWaite said the clerk must send the certificate or the statement to the Court of Appeals with the notice of appeal. Certainly, and there's a question as to how you are to reconcile these two. So I think the problem is, when you have a set of rules that at this time were unclear as to when and how the district court was supposed to rule on a certificate of appealability, it's clear it's an obligation. And as of 2009, it's been corrected as it has to come down in the same order at the same time. If that happens, you'd never have this problem. The clerk is only put on a quandary if the court issues an order denying a petition, as it did here, without addressing the certificate of appealability at all. She's in a quandary anyway, because under, to Judge Fletcher's point, under 3D, it suggests, or he, had to promptly send the copy of the notice of appeal to the circuit, right? But under Rule 22B1, as it existed at that time, it said the clerk must send the certificate or statement to the Court of Appeals with the notice of appeal, which seems to indicate that the district court was required to wait, and in fact, it also requires that the whole record go to the circuit at the same time. Well, certainly Rule 3D1 contemplates that there may be additional proceedings in the district court, because it's an obligation to forward the notice of appeal, the docket entries, and then any subsequent docket entries to the except there's additional proceedings that may be going on. So even though there was an issue of the certificate of appealability pending, the district clerk still, in Rule 3D, doesn't have any exceptions. You simply forward the notice of appeal when it's and it is for this court to assess, as it did, whether or not the notice of appeal is timely, whether or not the notice of appeal actually is an appeal from an appealable order. There's nothing that the clerk is supposed to do other than forward a notice of appeal once it arrives. So do you read this to require the clerk of the, at the time, understanding that Rule 22B1 has been amended since, but isn't your view that the clerk of the district court would have had to the district court clerk would otherwise have complied with both of these rules? Here's what I believe should have happened. If the district court clerk had complied with Rule 3D, it would have sent it when the notice of appeal was filed on July 11th. This court's practices would have, within a week, as it did in our report, discovered this timeliness issue, an issue in order to show cause. That would have issued within the 30 days under which petitioner could have sought relief under Rule 45. To be sure, but if that's not complying, that wouldn't have put the district court clerk in compliance with Rule 22B1, which at that time directed that the clerk must send the COA and the NOA together. Respectfully, I'm not trying to fight the question. 3D says must also, and so the only... That's my point, exactly. I'm not sure how the clerk could comply with these rules. These rules can be complied with if the district court does not issue a certificate of appealability at the same time. Well, no, I think the answer to the question is, you sent the district clerk from sending the notice of appeal twice, you sent it right after the judgment, and you sent it again along with the COA as an administrative convenience to this court. It says must both times, won't do it twice. It certainly could do that, Your Honor. And so I don't see a conflict between the two rules. I see some duplication. Sure. One way or another, it was supposed to have been filed over to the circuit court right away, and we're not in a particularly great position to know why that didn't happen or why it took two and a half months for the COA to issue. But we do know that once it got over to the circuit, within seven days there was an order to show cause of the issue. That's right, Your Honor. Yes. But that's our practice. We're not required to issue such an order. No, you're certainly not. Other circuits wait for other parties to raise the question of on-time So isn't the extraordinary circumstance argument entirely dependent on our informal practice? I think it's a practice, Your Honor, that contributes to the administration of justice. I think it's a good practice. Our clerks have been diligent, but it's not as though as a mandatory. It's certainly not mandatory, but it happened in this case, and it would have happened. There's every reason to think that it would have happened in this case if the notice of appeal had been forwarded. And Rule 60b-1 is not limited to attorney mistakes. Whether you view the problem the clerk faced as a conflict in the rules or an error by the clerk, it certainly falls within mistake and inadvertence, and that's the reason why 4A-5 was never available to Mr. Washington and why that 30-day period ran with no ability to discover it. You're down to four minutes, Your Honor, if you would reserve some of your time. Thank you. May it please the Court, I'm Laura Chasen with the Arizona Attorney General's Office, and I represent respondents in this matter. Courts have long acknowledged that they cannot do indirectly what they may not do directly. Thus, because a court may not directly extend or reopen the time to appeal, it also may not do so indirectly by granting Rule 60b relief for the sole purpose of vacating a re-entering judgment to extend the appeal. Now, are you saying that Maggie's wrong? Yes, Maggie's wrong. If you're saying then that the amendment to Rule 4 was intended and had the effect of amending Rule 60? You mean Rule 4A-6, which- FRAP-4. Right. That amendment amended Rule 60, F-R-S-F-P-60. That's not a way to amend Rule 60. No, it did not amend Rule 60. Rule 60 is a separate rule. Rule 4A-6 provides the sole circumstances required to reopen the time to appeal, and one of those- That's true if the individual doesn't know- I'm over here. That's true, that's okay. If the individual doesn't know the judgment has been entered, right? True. That's one of the conditions- And that's not Washington. That's not Washington. One of the conditions of reopening the time to appeal is that the defendant did not receive notice, then the time to appeal cannot be reopened, because that is a condition of reopening the time to appeal. Could you help me with a somewhat different question that I'm just puzzled by? So Bowles seemed to say that a court cannot extend the time in Section 2107 to file the notice of appeal to advance jurisdictional, but the rules in Rule 4 does seem to extend it past the time in 2107. So it says it runs from the re-entry of Rule 59E motion, and that's what we have before us in this case. What would be the authority for the Supreme Court to say it's jurisdictional? And I guess my question is, why didn't Mr. Washington's time start running from the entry of judgment on April 22nd, 2005, rather than the denial of the Rule 59E motion? I believe, for the first question, I believe is how can Rule 4A extend the time to appeal based on a timely Rule 59E motion being filed? Given the very stern language in Bowles v. Russell? Well, I think the difference is in, arguably, with a timely Rule 59E motion filed, the judgment isn't final yet until that motion is resolved. I think that would be, I, admittedly, I have not examined that question, but I think that would be the answer. And I'm sorry, I'm not sure what your second question was. So, is there a case that suggests that? I couldn't find any cases on that point, and I know you may not have had a chance to research it, but it seemed you'd have to come up with some theory like that, that 59E un-finalizes the entry. But then, when 2107 says you appeal the, you have 30 days to appeal the order when it was entered, it would seem like all you're appealing then is the 59E motion within those 30 days, or the denial of the 59E motion. Isn't that how the language reads of 2107? Um, I don't, obviously that's not the way it's been done and interpreted in the circuit. And, admittedly, I haven't examined and compared 2107 to Rule 4A to identify that distinction. But I don't believe, obviously you would be appealing the judgment, and the Rule 59E motion does toll that time that the petitioner has to appeal by rule. By rule, we toll a jurisdictional time limit. I guess I'm just puzzled by that. Can I ask for your response to your opponent's argument that the district court's failure to thorough the notice of appeal promptly to our court contributed to the extraordinary circumstances? Well, first of all, the district court didn't fail. It did what it was supposed to do and waited for the COA motion to be ruled on before forwarding the notice of appeal with the COA. But in any event, of course in Sousou, the case cited by the amicus in their petition, in their petition in support of the petition for re-hearing, their brief, it held that the failure to send the notice does not affect the time to appeal. And I'm sorry, I'm losing my train of thought. Well, we have a second circuit case, I can't remember the name, it might be Yaddos or something like that, that seemed closely on point if, in fact, there was some failure on the part of the district court to do things in the way that it should have been done. Right. And so why you say that there was no failure on the district court's part to do anything that it should have done, and I'm asking, let me just hear your response as to why that was true, given the state of the rules back at the time this all occurred. Well, because the district court could not rule on a certificate of appealability until it filed its judgment, until the notice of appeal was filed, it would not consider. That's what the rules said at the time. That's my understanding of the rules at the time. As I stated in my response to the petition for re-hearing, I believe I laid out what the rules were at the time. So the court did everything it was supposed to do. It entered judgment, once the notice of appeal was filed, it considered whether to grant a COA. And when it ruled on that, it forwarded everything to this court. But are you saying that the district court was forbidden from sending that notice of appeal upon entry of judgment? Are you saying that it was required to send it later as well? Because I see nothing in here that forbids the district court from sending the notice of appeal when it's filed. In fact, as I read rule four, it says must when it's filed. Let me, I want to make sure I understand your answer. I don't believe rule four has any kind of a timing requirement. It does say must. Well, the rule says district court must serve notice of the filing of a notice of appeal by mailing, and then a little bit later, the clerk must promptly send the notice of appeal to the court of appeals. And it doesn't say anything about waiting for a COA. It just says must upon its filing. That's how I read it. It's a pretty straightforward reading. Well, that's certainly not the way it has been done. Or, and I don't think the rules contemplate sending two notices of appeal to this court. And I'm not sure this court would welcome two notices of appeal. In every case that's filed, I think it could lead to a lot of confusion. The rule has changed now, though. The rule has changed. But what I'm trying to get at is this, the difference between rule 22 at the time and rule three at the time, which they both say must, and the first one says must promptly. In response to Judge Watford's question, I think I was a little confused by your response. I thought you were trying to explain that there was a part of the delay in getting the COA ruled upon was getting the notice of appeal filed. I believe the rules at the time, the court was to consider issuing a COA after the notice of appeal was filed. Because the notice of appeal was filed, it's docket 120, was filed July 11th. And the same day, docket 21, there was the motion for certificate of appealability. Right. So you don't mean that there was a delay there? No. I mean, the court took that time after the COA motion was filed to decide whether to grant it. The court was not required to consider the COA before the notice of appeal was filed or at the time in the judgment, as it is now. And I think the fundamental issue that, the problem with this argument is that a petitioner, the court is not responsible for ensuring that petitioners file their appeals on time. The petitioner is responsible for that. So any arguments that the court didn't do something the way it should have been done or the way in which it would have provided notice to petitioner, I think is, it misses the point because the petitioner had the duty. The court didn't have the duty to tell the petitioner that. I do understand our court has, by practice, set up a fail-safe system and an experienced appellate practitioner in this court knows that we have a fail-safe system. And if the notice of appeal is late, we will tell them by issuing an order of substantial cause, which then allows them to respond within the 30-day period provided in Rule 4. Experienced appellate practitioners in this circuit would know that. Right. And at the time, as Mr. Beach was, who represented Mr. Washington, he was an experienced practitioner. And he would have known that the court would consider that after receiving the notice with the COA, which would happen sometime later and would happen outside the time to file a motion to extend. So he couldn't have relied on the Ninth Circuit. Yes. Now, what's your evidence that at the time, the district courts were always waiting to send the notice of appeal until the COA was filed? All practicing attorneys would have known that. Now, how do you know that that was what the practice was for the district courts to wait until the COA was issued? Well, that is my interpretation based on a reading of the rules. Yeah. So no, you don't know the practice. You just don't know that you're sitting at the rule. Correct. I was not practicing in this area at the time. So I couldn't say what the practice was. Let me take you to that. Why shouldn't we find extraordinary circumstances in this case under 60b-6, given that the outcome of the codependent's case is what they've met? Well, contrary to Mr. Levy's representation, the evidence against Mr. Washington was much stronger than the evidence against Mr. Robinson, who this court gave relief to on a sentence. In Robinson, this court was concerned that there was no evidence that Mr. Robinson had actually entered the house, where, so I guess if I'm, so I don't want you to take a lot of time, but you're just basically saying that we shouldn't be looking into, you know, that this case is different. We need to get into the merits of this and decide that it's not the same as that in exercising our equitable powers. Is that what you're saying? Yeah. I don't think the court should get into the merits. I don't think the claims themselves can present extraordinary circumstances. Well, but I guess, but I heard you to say in the assessment of extraordinary circumstances, we should look at the merits and realize that Mr. Washington wasn't in the same position as Mr. Mathers and, or Mathers and Mr. Robinson. Well, I just, you had asked me about the similarity of the cases, and so I was going to explain that they aren't as similar as Mr. Mathers. What kind of process has Mr. Washington had on his habeas, other habeas? This is his first habeas. Mr. Washington has gone through, he's obviously had his direct appeal in state court and post-conviction remedies, and through those proceedings, his sentence and convictions were upheld. He went, he had his habeas petition, I think, it may seem strange that after all this time, this is the only habeas he's had, but it did take 10 years. He doesn't have any pre-epi habeas? This is the pre-epi habeas. Okay. So, but, you know, it was in the district court for 10 years, and it's been in this court for 10 years now. So, that's the, that counts for the time. But there has been no previous habeas that this court has heard. The district court, of course, did deny habeas relief. So, Mr. Washington has not been without any review of his convictions and sentences. He's received it, and it's been upheld at every point. And I don't think the court should assume that if it granted, if it somehow were able to hear Mr. Washington's appeal, that it would automatically grant relief because a code of ethics would grant it. With amicus ex superfundus proposing a rule, how do you, what is your understanding of how that rule would affect habeas in general? Would it just be capital habeas, or the rule on, I'm sorry, I'm not sure which rule. Well, amicus was talking about that if you don't appeal until that the COA has been denied or issued. Well, now that's a non-issue because the COA is denied or issued at the time of both the entry of judgment and a habeas case. So, pardon? What if it isn't? If it isn't, that is not a basis for not filing a timely notice of appeal. There's suits in the courts. Well, there is, a panel of this court has held that. In Sioux, Sioux, it's an unpublished. Well, it's not published in Sioux. It is. It is, but one panel has held that. I think the rules themselves say that the notice of appeal must be filed within 30 days of the entry of judgment. Is there another published opinion other than the one from the First Circuit, which has the opposite ruling? Is there a decision, a published opinion from another circuit that is contrary to or in agreement with our unpublished opinion in Sioux? Not that I'm aware of. Basically, we have an unpublished opinion from our court and a published opinion from the First Circuit, which would give the appellant relief here, the petitioner relief. On this issue. On this issue. But the rules don't give the petitioner relief. Well, you do. You have the Fifth Circuit cases, which arguably say that the notice of appeal is premature if the CUA or then the CPC hadn't been issued. You know, and I know the other circuits have gone the other way, but it's a matter of logic because we don't have appellate jurisdiction unless there's a CUA. We don't have appellate jurisdiction if there's no notice of appeal timely. Why wouldn't we adopt a rule saying we have to have the CUA issued and then the notice of appeal follows? Because otherwise we're getting a notice of appeal over which we have no appellate jurisdiction. Well, does it, I suppose this court, I don't, I suppose this court could institute a rule. I don't know if it would still comply with Rule 4A's requirements that the notice of appeal or the notice of appeal be entered, be filed within 30 days of the judgment. Well, I think, I think this, I guess I'm thinking it's sort of analogous to the situation in the civil context where we get a 54-P certification. We don't have a final judgment until the certification in the 30 days runs from there. So here we have, we don't have appellate jurisdiction unless there's a CUA granted. And it would seem to me that logically, that maybe that's the point from which the notice of appeal should run because the judgment is then final and appealable. Well, I think there would need to be a real change to the rules for that to take place. I think Rule 4A would have to be changed before, before that could happen. I, it might be a reasonable way to do it. I don't think it's proper under the rules. Well, if, sir, at least Prieta has said, if, if deemed a notice of appeal premature, if the CPC had not been granted and they, and they dismissed the appeal without prejudice to allow the entry of the CPC and then the time ran from there. Now, I don't know what their current practice is in the fifth, but that would seem to be their interpretation of the rule. I'm not sure of what their practice is either. I think arguably if the notice of appeal was premature, then the petitioner would then need to file a timely notice of appeal once it becomes right. And that didn't happen here either. But you would agree that if there's no COA issued, we don't have appellate jurisdiction, right? Well, this court does take jurisdiction to decide whether to grant a COA, if not. No question, if we don't have, we don't have appellate jurisdiction. Until the court will start the. COA either from the circuit or from the district court. Yes. So any notice of appeal would just simply be a nullity in absence of that. It would be a nullity and there would be no notice of appeal at all in this case because none was filed after the COA. So what do you do if you've got a premature notice of appeal? Because that's where we would be then. You say there's none. Well, there's one that is premature. Well, I think it would be without effect. Well, I'm not sure that sometimes we look at notice of appeal filed prematurely and give them a fact as of the date they could have been filed later on. That would be one option. Yeah. We don't object to our standing option. Does the court say that for civil cases? Say. Between premature notices of appeal, is it filed on the day it should have been filed? It may say that. And I'm sorry if I'm not familiar with that provision. Going back to the 60 v 6 issue, you say money. I think maybe appellants also seem to be saying we have to find some fault with what the district court clerk did. Do we really have to find fault? Do we have a rule that's pretty clear that clerk may have been, I think, justified in looking at the two rules together, but the effect of the application or the failure to apply the rule meant in this case that the counsel wasn't notified of the deficiency in time to do something about it, right? Well, yeah, and that goes back to the premise that the court is responsible for making sure that a timely notice of appeal is filed, and that's just not the case, especially when Washington's custody. No, I'm not suggesting that. What I'm suggesting is that in the peculiar circumstances of this case, we know that had the notice of appeal been promptly sent for the rule, that in fact, he would have received notice. Not that it was anybody's obligation to send a notice or that the court's responsible, but in fact, he would have received notice in time to do something about that, right? Right. So why is that an extraordinary circumstance? Because there's nothing extraordinary about it. If he had counted the days, if he had had someone double-check and count the days to appeal, he also would have discovered the late filing. It seems like it's a perfect storm, though, because the clerk has these two rules, and I read them to be quite inconsistent. They both say must, one says send it right now, probably, one says wait for the COA. The district court judges are very busy, and for whatever reason, the COA took longer than typical to get ruled upon. And one way or another, all this line, and of course, defendant's counsel made a mistake, a serious one. But all this lined up to get around to what Chief Judge Thomas is speaking to, which is that window that was afforded, the grace period in the rule, was long since gone. It was. It was. That error. An extraordinary series of circumstances, that's what, I think that's his question. If not, it's mine. I don't think it is extraordinary circumstances. I think, if anything, at most, it's some neglect, which under, excuse me, Maples, the Supreme Court held that a petitioner is responsible for a misfiling deadline. There are a lot of other petitioners who are neglectful and miss that filing deadline, but they get the order to show cause in time to take advantage of the 4AA5 grace period. There may be, but that doesn't mean that it is the job of the court to notify the defendants, and they could have received notice of the late filing in other ways by counting the days themselves. So, it's not, it shouldn't be assumed that that was the only way a petitioner was going to find out. No, but in fact, under the peculiar circumstances of this case, it was, that's what happened. That's what happened. Right. And on rule, how about rules 60B1, where you can get relief based upon mistake and a burden of surprise or inexcusable neglect, or rather, excusable neglect. This is obviously a mistake, so why is this not a very simple case? It was a mistake, and the district judge had the authority to grant relief under rule 60B1 because it was a mistake. Well, mistakes, in general, in the context of rule 60B1, mistake or inadvertence usually refers to. I don't want to talk about inadvertence. I want to talk about mistake. Okay. Mistake usually refers to an attorney acting without authority for his claim. For example. Well, that could be a mistake, but are you saying that the filing clerk, that the paralegal didn't make a mistake? It was a mistake. I think the order used, the language used, the paralegal made a mistake. It's a mistake, and usually that kind of mistake is, is under rule 60B1, and it's usually considered excusable neglect rather than the way mistake is used in rule 60B1. It is a mistake in common languages. I read you all of rule 60B1. It says mistake, inadvertence, surprise, or excusable neglect, suggesting that there's some difference among the four terms. Right. This looks to me as, it may also overlap. It might also be excusable neglect, but it's clearly mistake. We're not, by any use of the word mistake, we can't, until we get to right now, everyone's been calling it a mistake. And are you, you're not going to back away from calling it a mistake, are you? It does not qualify as mistake the way mistakes under rule 60B1 are seen. Why not? Because under rule 60B1, in Lanshaw, this court held that a mistake, excuse me, is it usually entails an attorney acting without authority from his client. For example, entering into a judgment. And you just said usually. That's a weasel word. Well, because there aren't very many cases on this issue, but so I'm going with what the court has decided. So, in Lanshaw, I believe it was the attorney misinformed the client about the consequences of entering into a judgment. And that was not grounds, that was not a mistake under B1, and it was not excusable neglect under B1 either, because she wasn't mistaken about the facts of the settlement itself, the agreement, the offer of judgment. So, it's not the kind of mistake that this court has held in the past, I think. And I think it would be a mistake for this court to hold that this would be both mistake and excusable neglect, because. Well, I think the mistake's enough. I mean, there's an or at the end of that phrase. But it's the kind of error that is considered excusable neglect, if anything. And so, it falls under that prong. And Mr. Washington, Mr. Levy has never asserted anything but excusable neglect as grounds for the error. I think that's incorrect, if you read his brief. He argues most strenuously based on excusable neglect, but he also argues or mentions the mistake. But I would like to argue, if I may, that 6dB relief is simply improper to any extent, no matter whether you want to consider 6dB1, 6dB6. It's equitable relief being used to get around a jurisdictional time limit, which the Supreme Court has held is improper to do. So, you started by saying that we should overrule MACI. Yes. If we are not inclined to do that, what does that leave your argument? I think. At this point, because basically, we have said that attorney abandonment constitutes extraordinary circumstances. I'm sorry, you have said, I misplaced it. Attorney abandonment may justify 6dB. Yes. Attorney abandonment under MACI. Right. And that it won't affect this case because there was no abandonment. The district court held. So. I guess I'm responding to your argument that there's no alternative, no option under 6dB for attorney neglect to constitute a basis for relief, and we've said that there is. When it reaches the point of attorney abandonment, which would be extraordinary circumstances where the attorney is no longer acting in any way for the client. But excusable neglect, missing a deadline when an attorney is otherwise diligently representing a client, that's different than what MACI holds as abandonment under 6dB6. So, it's perhaps a degree, the degree to which the attorney errs, but there is a distinction between excusable neglect under B1 and attorney abandonment. But MACI, MACI should be overruled because it conflicts with, as I stated earlier, it conflicts with Rule 4A6 by presenting different situations in which this court may reopen the time to appeal. Oh, but again, 4A6 really just speaks to instances where the problem is that the defendant didn't get notice of the entry of judgment. That's a very specific problem, and that is not Washington's problem. That is the only situation in which the time to appeal may be reopened is when the petitioner did not receive notice of the judgment. Well, it isn't if the universe includes overruling MACI, right? Well, yeah. Yeah. It would be. I think that is what the rule says, and I think MACI is contrary to that because it presents another situation in which the time to appeal can be reopened. Well, the law under Rule 60 prior to the amendment of FRAP 4A6 was that you could get relief from untimely filing of notices of appeal. We then get an amendment which says, in the specific case where there's no notice of judgment, the time under Rule 4 is extended to 180 days. There's nothing in there that speaks directly to the relief that was previously available under Rule 60, and I don't see that amendment allowing 180 days as almost a matter of sort of mechanical relief was intended to overrule the then existing line of cases that allow relief for extraordinary circumstances under B6 or, you would mistake, under B1. The Rule 548 doesn't say if you didn't receive notice, you can reopen your time to appeal. The way it's written, it says the district court may reopen the time to file an appeal, but only if all of the following conditions are satisfied. And the first condition is that the moving party did not receive notice. So if the moving party received notice, he may not reopen the time to appeal. Well, I'm not sure that's right. In the word excusable neglect that appears in FRAP 4, that had been in the rule already. Right. That is to say, we had been granting relief under Rule 60B, both 1 and 6, and the courts across the country had been doing so, with excusable neglect already written into Rule 4. And the only thing the amendment that talks about not receiving judgment is, is speaking to 180 days to put the rule into effect. Still, excusable neglect language in Rule 4 existed both before and after. Well, respectfully, I see my time is up. Respectfully, I think that the court has been improperly interpreting Rule 60B1 to Grant B6 to grant this kind of relief. And I respectfully ask that the court overrule Mackey and affirm the district court. Thank you. Thank you, Counsel.  Clerk, you're up. Thank you, Your Honor. I believe the state concedes that if the notice of appeal had been timely filed with no certificate of appealability, this court would not have had appellate jurisdiction for the appeal because there's no certificate of appealability. And I think that shows that the judgment here was not final and appealable. And going to Judge Callahan's questions, this is not a new rule for habeas cases. This is the final judgment rule. And to say that it doesn't apply here would be creating an exception. And to Judge, yes. Sorry, are we going to say that? No, just quickly to Judge Acuta's point, I think if a Rule 59E motion means that the judgment that had already been entered was not final and appealable, we think that's completely analogous to the case here with no COA in the judgment. Do you know of any case on point as to why a rule could extend the time in Section 2107? I confess that I don't have one on the end. Can I ask, is your opponent right that at the time that the relevant events happened here that the rule was that the district court did not even entertain speaking about the certificate of appealability until the notice of appeal was filed? Is that true? Is she right about that? I don't know whether she's right about that or not. What I, certainly I wasn't practicing theory at that time. But it's definitely clear that the advisory committee's vision for the rule was that this was an obligation of the district judge. That's in the 1967 notes. And so, to the extent there was a practice that the court. But just let me stop you because it seems to me if she's right, then your argument regarding prematurity cannot be right because you'd have a chicken and egg problem, wouldn't you? You certainly have a problem with chicken and eggs in this case because Rule 3 tells you that filing a notice of appeal is taking an appeal. Those are sort of, those are one and the same. And then Rule 22 at the time says you cannot file a notice of appeal without, you cannot take an appeal without a certificate of appealability. But wasn't the notice of appeal, wasn't this notice of, we like to think of these things in terms of us, but wasn't the notice of appeal notice to the district court? And therefore, the district court then incurs additional responsibility to certify to us as to which issues may be, may be subject. If you don't file a notice of appeal, the district court's order is final. There's no, there's nothing, nothing further for them to do and no need to prepare a COA. So the COA only had to be prepared in the case where somebody decided to take an appeal. So the notice of appeal was notice to the district court that they intended to appeal the judgment and that the district court incurs additional obligations to under Rule 22 to prepare a COA. So I have two responses to that. One, one that I think I've already said, and I believe the consistent vision of the rules since 22 was enacted through to today has been that this is an obligation of the district court in every AMES case to address and not simply whether or not the person decides to make that appeal. Well, if that's correct, then you only have to prepare a COA every time you issue a judgment, even if the party is, is decided not to take an appeal. So the district court then is forced to do work that it wouldn't otherwise have to. And it certainly isn't for, it's forced to do that, that today. I mean, that's, we may have altered our view as to, as to the frequency of appeals. Well, I don't, I don't think, respectfully, I don't think that's the case because the advisory committee wrote that, that it was required in, in 1967 when this rule was required. Once an NOA was filed. That's not what the language of the notes, the notes say. And to, to your second point, I. What, what did the rule say? The, the original version, I don't have the original version of the rule in front of me. The original, the, the version in place in this, in this case was the 1998 version. I, I'm not quite certain what the phrasing was in, in the 1967 original version. But, but to your second point, I, I think that suggests that some other sort of two different kinds of notices of appeal. That in a habeas case, there's a, a notice of appeal serves some sort of different function. And, and it's not actually the same thing as a notice of appeal in other civil cases. There, there's one set of rules. And rule three is very clear. Filing a notice of appeal is taking an appeal, which you simply cannot do under rule 22 without a civil case. And the notice of appeal is filed with the district court. It's not filed in our court. It's filed, it's filed with the district court. It's noticed to the district court. Right, and that's what suggested, that's why then the district court has to certify to us what issues it thinks are, are, are contestable and which ones are not. But the same rule 3D says it promptly, essentially immediately, that notice of appeal is coming up to this court. Because it's noticed to this court that an appeal has been, has been taken. And I, I believe I'm through, too. Thank you, counsel. The case you just heard will be submitted for decision and will be at recess.
judges: Thomas, W. Fletcher, Rawlinson, Clifton, Bybee, Callahan, Bea, M. Smith, Ikuta, Christen, Watford